1829.
Southwick
v.
Van Bussum.

---

*EVERITT v. HUFFMAN AND OTHERS.

[*648]

J. BLOORE, for the complainant, presented a petition December 5th. stating that only a portion of the money secured by the mortgage in this cause was due, and that the mortgaged premises were so situated that a part thereof could not be sold without injury to the interest of all concerned.

---

SOUTHWICK v. VAN BUSSUM AND OTHERS.

An order to examine a complainant, as to any payments received by him where the defendant is either absent, concealed or a non-resident, is a common order; but an order for leave to examine a complainant in his own favor can only be obtained upon a special application.

1829.

Southwick
v.
Van Bussum.

Dec. 5th.

J. RHOADES, in behalf of Mr. Adriance, solicitor for the complainant, presented an affidavit, from which it appeared that the bill had been regularly taken as confessed by all the defendants, and that one of them was not a resident within this state.

[*649]

THE CHANCELLOR decided that under the provisions of the R. S., (part 3, ch. 1, tit. 2, art. 4, § 128, being 2 R. S. 187, § 128,) the complainant may have a clause inserted in the *common order of reference, of course, directing the master to examine the complainant as to any payments that may have been made to him, or to any person for his use, on account of the demand mentioned in the bill, and which ought to be credited on such demand. But the Chancellor intimated that on a reference under the section next preceding the one above referred to, (i. e., 2 R. S. 186, 7, § 127,) the complainant could not be examined by the master, except by the order of the court made on a special application.